FILED/REC'D
2025 DEC 17 P 2:45
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.

JAMAR M. PURNELL,
SHAVARIM J. WICKS,
DAJUEA M. PURNELL,
KEEAN V. MOORE,
KEEAN V. MOORE JR.,
JIMMIE A. LEUAXAY,
WILLIAM R. MARSHALL,
JAMES L. DUBOIS,
TREAGIR J. SANDER,
KYLE W. HAAG,
JAMES K. LAND,
ANTHONY E. HOHENSTEIN,
TRAVIS J. CORRADO,
WAYLON R. DEGENHARDT,
ALISHA R. LAVINE, and
YASIR W. STACKHOUSE,

Defendants.

SEALED SECOND
SUPERSEDING INDICTMENT

Case No. 25-cr-63-wmc
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(c)
18 U.S.C. § 924(d)(1)
18 U.S.C. § 924(e)(1)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 846
21 U.S.C. § 853(a)
28 U.S.C. § 2461(c)

---

THE GRAND JURY CHARGES:

COUNT 1

1. From on or about March 12, 2024, to on or about March 20, 2025, in the Western District of Wisconsin and elsewhere, the defendants,

JAMAR M. PURNELL, SHAVARIM J. WICKS, DAJUEA M. PURNELL, KEEAN V. MOORE, JIMMIE A. LEUAXAY, WILLIAM R. MARSHALL, JAMES L. DUBOIS, TREAGIR J. SANDER, KYLE W. HAAG, JAMES K. LAND, ANTHONY E. HOHENSTEIN, TRAVIS J. CORRADO, WAYLON R. DEGENHARDT, ALISHA R. LAVINE, and YASIR W. STACKHOUSE,

knowingly and intentionally conspired with each other, and with others known and unknown to the grand jury, to distribute, and to possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, and a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), both Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

2. With respect to JAMAR M. PURNELL, SHAVARIM J. WICKS, DAJUEA M. PURNELL, KEEAN V. MOORE, JIMMIE A. LEUAXAY, WILLIAM R. MARSHALL, JAMES L. DUBOIS, and YASIR W. STACKHOUSE, the amount involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

3. With respect to TREAGIR J. SANDER, KYLE W. HAAG, JAMES K. LAND, TRAVIS J. CORRADO, WAYLON R. DEGENHARDT, and ALISHA R. LAVINE, the amount involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

4. With respect to JAMAR M. PURNELL, DAJUEA M. PURNELL, WILLIAM R. MARSHALL, and YASIR W. STACKHOUSE, the amount involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was 400 grams or more of a mixture or

substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

5. With respect to SHAVARIM J. WICKS, JAMES L. DUBOIS, TREAGIR J. SANDER, JAMES K. LAND, ANTHONY E. HOHENSTEIN, and TRAVIS J. CORRADO, the amount involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was 40 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

(All in violation of Title 21, United States Code, Section 846).

COUNT 2

On or about May 29, 2024, in the Western District of Wisconsin, the defendant,

SHAVARIM J. WICKS,

knowingly and intentionally distributed 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 3

On or about May 29, 2024, in the Western District of Wisconsin, the defendant,

SHAVARIM J. WICKS,

knowingly and intentionally possessed with the intent to distribute a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-

piperidinyl] propanamide), and a mixture or substance containing a detectable amount of cocaine, both Schedule II controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 4

On or about May 29, 2024, in the Western District of Wisconsin, the defendants,

JAMAR M. PURNELL and SHAVARIM J. WICKS,

knowingly and intentionally possessed with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 5

On or about May 29, 2024, in the Western District of Wisconsin, the defendants,

JAMAR M. PURNELL and SHAVARIM J. WICKS,

knowingly and intentionally possessed with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 6

On or about May 29, 2024, in the Western District of Wisconsin, the defendant,

JAMAR M. PURNELL,

knowing he had previously been convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly and unlawfully possessed in or affecting

commerce a loaded Smith & Wesson SD9 9mm pistol, said firearm having previously traveled in and affected interstate commerce.

Before JAMAR M. PURNELL committed the offense charged in this count, he had at least three previous convictions in any court for a violent felony or serious drug offense that were committed on occasions different from one another.

(In violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1)).

COUNT 7

On or about May 29, 2024, in the Western District of Wisconsin, the defendant,

JAMAR M. PURNELL,

knowingly and unlawfully possessed a loaded Smith & Wesson SD9 9mm pistol in furtherance of drug trafficking crimes, specifically, possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and 40 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), as alleged in Counts 4 and 5 of this superseding indictment.

(In violation of Title 18, United States Code, Section 924(c)).

COUNT 8

On or about July 2, 2024, in the Western District of Wisconsin, the defendants,

JAMAR M. PURNELL and DAJUEA M. PURNELL,

knowingly and intentionally distributed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 9

On or about July 9, 2024, in the Western District of Wisconsin, the defendants,

JAMAR M. PURNELL and DAJUEA M. PURNELL,

knowingly and intentionally distributed 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 10

On or about July 19, 2024, in the Western District of Wisconsin, the defendant,

DAJUEA M. PURNELL,

knowingly and intentionally possessed with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and 40 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), both Schedule II controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 11

On or about July 19, 2024, in the Western District of Wisconsin, the defendant,

DAJUEA M. PURNELL,

knowing he had previously been convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly and unlawfully possessed in or affecting

commerce a loaded Glock 19X 9mm pistol, said firearm having previously traveled in and affected interstate commerce.

(In violation of Title 18, United States Code, Section 922(g)(1)).

COUNT 12

On or about July 19, 2024, in the Western District of Wisconsin, the defendant,

DAJUEA M. PURNELL,

knowingly and unlawfully possessed a loaded Glock 19X 9mm pistol in furtherance of a drug trafficking crime, specifically, possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and 40 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), as alleged in Count 10 of this superseding indictment.

(In violation of Title 18, United States Code, Section 924(c)).

COUNT 13

On or about July 19, 2024, in the Western District of Wisconsin, the defendant,

DAJUEA M. PURNELL,

knowingly and intentionally possessed with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and 400 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), both Schedule II controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 14

On or about July 19, 2024, in the Western District of Wisconsin, the defendant,

DAJUEA M. PURNELL,

knowingly and intentionally possessed with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 15

On or about July 31, 2024, in the Western District of Wisconsin, the defendants,

JAMAR M. PURNELL and KEEAN V. MOORE,

knowingly and intentionally distributed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 16

On or about August 9, 2024, in the Western District of Wisconsin, the defendants,

KEEAN V. MOORE and KEEAN V. MOORE JR.,

knowingly and intentionally distributed 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 17

On or about September 12, 2024, in the Western District of Wisconsin, the defendants,

JAMAR M. PURNELL and JIMMIE A. LEUAXAY,

knowingly and intentionally distributed 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 18

On or about October 15, 2024, in the Western District of Wisconsin, the defendant,

JIMMIE A. LEUAXAY,

knowingly and intentionally distributed 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 19

On or about January 3, 2025, in the Western District of Wisconsin, the defendants,

JAMAR M. PURNELL and KEEAN V. MOORE,

knowingly and intentionally distributed 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 20

On or about March 14, 2025, in the Western District of Wisconsin, the defendant,

WILLIAM R. MARSHALL,

knowingly and intentionally possessed with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and 400 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), both Schedule II controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 21

On or about March 18, 2025, in the Western District of Wisconsin, the defendant,

JIMMIE A. LEUAXAY,

knowingly and intentionally possessed with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 22

On or about March 18, 2025, in the Western District of Wisconsin, the defendant,

JIMMIE A. LEUAXAY,

knowing he had previously been convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly and unlawfully possessed in or affecting commerce a loaded Glock 26 9mm pistol, a loaded Heckler and Koch VP9 9mm pistol,

and two loaded Taurus G3 9mm pistols, said firearms having previously traveled in and affected interstate commerce.

(In violation of Title 18, United States Code, Section 922(g)(1)).

COUNT 23

On or about March 18, 2025, in the Western District of Wisconsin, the defendant,

JIMMIE A. LEUAXAY,

knowingly and unlawfully possessed the following firearms:

a. a loaded Glock 26 9mm pistol,
b. a loaded Heckler and Koch VP9 9mm pistol,
c. a loaded Israel Weapon Industries Uzi Pro 9mm pistol,
d. a loaded Kimber Stainless LW .45 caliber pistol,
e. a loaded Kimber Ultra Carry II .45 caliber pistol,
f. a loaded Rock Island Armory Inc 1911 A1 .45 caliber pistol,
g. a loaded Ruger GP100 .357 caliber revolver,
h. a loaded Sig Sauer MPX multi caliber pistol,
i. a loaded Sig Sauer WCP365 9mm pistol,
j. a loaded Smith & Wesson M&P9 Shield Plus 9mm pistol,
k. a loaded Smith & Wesson SD9VE 9mm pistol,
l. a loaded Taurus G3 9mm pistol,
m. a loaded Taurus G3 9mm pistol,
n. a Privately Made Firearm multi caliber pistol,
o. an Anderson Manufacturing AM-15 multi caliber pistol, and
p. an American Tactical Imports Omni Hybrid multi caliber pistol,

in furtherance of a drug trafficking crime, specifically, possession with the intent to distribute cocaine, as alleged in Count 21 of this superseding indictment.

(In violation of Title 18, United States Code, Section 924(c)).

COUNT 24

On or about March 18, 2025, in the Western District of Wisconsin, the defendant,

KEEAN V. MOORE,

knowingly and intentionally possessed with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, both Schedule II controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 25

On or about March 18, 2025, in the Western District of Wisconsin, the defendant,

KEEAN V. MOORE,

knowing he had previously been convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly and unlawfully possessed in or affecting commerce Winchester .22 caliber ammunition, said ammunition having previously traveled in and affected interstate commerce.

(In violation of Title 18, United States Code, Section 922(g)(1)).

COUNT 26

On or about March 20, 2025, in the Western District of Wisconsin, the defendant,

JAMAR M. PURNELL,

knowingly and intentionally distributed 40 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1)).

COUNT 27

On or about July 9, 2025, in the Western District of Wisconsin, the defendant,

KEEAN V. MOORE JR.,

knowing he had previously been convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly and unlawfully possessed in or affecting commerce a loaded Ruger model LCP II .380 cal. pistol, said firearm having previously traveled in and affected interstate commerce.

(In violation of Title 18, United States Code, Section 922(g)(1)).

FORFEITURE ALLEGATIONS

1. As result of the offense charged in Count 1 of the superseding indictment, the defendants,

JAMAR M. PURNELL, SHAVARIM J. WICKS, DAJUEA M. PURNELL, KEEAN V. MOORE, JIMMIE A. LEUAXAY, WILLIAM R. MARSHALL, JAMES L. DUBOIS, TREAGIR J. SANDER, KYLE W. HAAG, JAMES K. LAND, ANTHONY E. HOHENSTEIN, TRAVIS J. CORRADO, WAYLON R. DEGENHARDT, ALISHA R. LAVINE, and YASIR W. STACKHOUSE,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), all right, title, and interest in any property constituting and derived from any proceeds, the defendant obtained directly or indirectly, as a result of said violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, including but not limited to the following property:

a. $2,980 in U.S. currency,
b. $11,760 in U.S. currency,
c. $9,270 in U.S. currency,

d. $26,225 in U.S. currency,
e. $2,031 in U.S. currency, and
f. $4,000 in U.S. currency.

2. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 922(g)(1) and/or 924(c) as set forth in Counts 5 and 6 of this superseding indictment, the defendant,

JAMAR M. PURNELL,

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses, including, but not limited to:

a. a Smith & Wesson SD9 9mm pistol and
b. 9mm ammunition.

3. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 922(g)(1) and/or 924(c) as set forth in Counts 11 and 12 of this superseding indictment, the defendant,

DAJUEA M. PURNELL,

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses, including, but not limited to:

a. a Glock 19X 9mm pistol and
b. 9mm ammunition.

4. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 922(g)(1) and/or 924(c) as set forth in Counts 20 and 21 of this superseding indictment, the defendant,

JIMMIE A. LEUAXAY,

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to:

a. an American Tactical Imports Omni Hybrid multi caliber pistol,
b. an Anderson Manufacturing AM-15 multi caliber pistol,
c. a Glock 26 9mm pistol,
d. a Heckler and Koch VP9 9mm pistol,
e. an Israel Weapon Industries Uzi Pro 9mm pistol,
f. a Kimber Stainless LW .45 caliber pistol,
g. a Kimber Ultra Carry II .45 caliber pistol,
h. a Privately Made Firearm multi caliber pistol,
i. a Rock Island Armory Inc 1911 A1 .45 caliber pistol,
j. a Ruger GP100 .357 caliber revolver,
k. a Sig Sauer MPX multi caliber pistol,
l. a Sig Sauer WCP365 9mm pistol,
m. a Smith & Wesson M&P9 Shield Plus 9mm pistol,
n. a Smith & Wesson SD9VE 9mm pistol,
o. a Taurus G3 9mm pistol,
p. a Taurus G3 9mm pistol,
q. .223 caliber ammunition,
r. .357 caliber ammunition,
s. .45 caliber ammunition, and
t. 9mm ammunition.

5. Upon conviction of the offense in violation of Title 18, United States Code, Section 922(g)(1) set forth in Count 23 of this superseding indictment the defendant,

KEEAN V. MOORE,

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to:

a. Winchester .223 ammunition.

6. Upon conviction of the offense in violation of Title 18, United States Code, Sections 922(g)(1) as set forth in Count 27 of this superseding indictment, the defendant,

KEEAN V. MOORE JR.,

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses, including, but not limited to:

a. a Ruger model LCP II .380 cal. pistol, and
b. .380 caliber ammunition.

A TRUE BILL

_______________________
PRESIDING JUROR

Indictment returned: 12-17-2025

_______________________
CHADWICK M. ELGERSMA
Acting United States Attorney