IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                     Plaintiff,

  v.

JAMAR M. PURNELL, *et al.*,

                     Defendants.

ORDER

25-cr-63-wmc

---

**This order sets deadlines for all parties, except those defendants that have entered into plea agreements. Parties must submit letters with their positions on the points below by close of business March 5, 2026.**

On March 3, 2026, the court held telephonic status conferences with the government, represented by AUSA Anderson, and some, but not all, defendants in this case. No defendants participated personally; all were represented by their counsel of record.

Specifically, the court heard from defendants Wicks and Hohenstein, as set forth in separate orders. The court also heard from defendants Dubois, Sander, Land, Corrado, Degenhardt, Lavine, and Stackhouse. The court had expected to hear from defendants K. Moore, Jr. and Haag as well, but their counsel did not appear as ordered. AUSA Anderson reported he was authorized to report that counsel for defendant K. Moore, Jr. was unavailable due to prescheduled travel, but a plea agreement with that defendant would be filed soon, absolving his counsel from any need to show cause. Counsel for defendant Haag, however, is ORDERED to show cause as to the missed conference as part of the status letter ordered above. All of the other defendants in the case have either entered into plea agreements (defendants J.

Purnell, K. Moore, and Leuaxay) or have previously met with the court to discuss case management (defendant D. Purnell on January 20 and defendant Marshall on February 13).

Of the defendants the court spoke to today, none reported issues with discovery. Defendants Sander and Stackhouse reported they plan to proceed to trial at this juncture; defendants Land, Corrado, and Degenhardt indicated there was a fair to better chance they would resolve their cases short of trial; and the remainder were unable to make firm predictions. Three defendants, Dubois, Corrado, and Degenhardt, said they could be ready by the April 13 trial date; the others expressed doubt. Except for defendant Corrado, whose counsel said he needed time to confer on the question, no other defendants raised objections to moving the trial date. For the government's part, it did not object to moving the trial date but stated it would object to severing defendants into multiple trials, citing efficiency concerns.

That leads to the question of how best to conduct trial. The court raised concerns with trying possibly a dozen defendants in the same trial. Even the court's largest courtroom could not reasonably support this number of defendants and their counsel, and the court has limited space to hold and attend to in-custody defendants. Apart from the physical constraints of the courthouse, there are scheduling complications that have arisen in this case. Different defendants were added to the case at different times. Defendants that were added in the superseding and second superseding indictments did not select the April 13 trial date. Since these defendants were added, the government has made successive discovery disclosures, necessitating extensions to the pretrial motions deadlines. Briefing schedules on pretrial motions were just finalized today, with some motions set to come under advisement in late March. This impacts a subset of defendants; most others filed no motions.

While there is a presumption of trying all defendants indicted in the same charging document together, the court has discretion to sever a criminal case into multiple trials, so long as it does not result in unfair prejudice to either the government or a defendant. *See* Fed. R. Crim P. 14; *United States v. McManus*, 23 F.3d 878, 882 (4th Cir. 1994). To address the concerns discussed above, the court will offer the following as a starting point. The court proposes to keep the trial date set for the three defendants that have filed no pretrial motions and expressed readiness for trial: this applies to defendants Dubois, Corrado, and Degenhardt. The court would then set a second trial for those remaining defendants that were indicted in the original indictment: this applies to defendant Wicks, D. Purnell, K. Moore, Jr., and Marshall. Finally, the court would set a third trial for those remaining defendants that were indicted in the superseding indictments: this applies to defendants Sander, Haag, Land, Hohenstein, Lavine, and Stackhouse. The court is seeking input on this proposal from all sides by the date set forth above.

SO ORDERED.

Entered March 3, 2026.

BY THE COURT:

/s/
_____
ANITA MARIE BOOR
Magistrate Judge