

U.S. Department of Justice

**United States Attorney's Office**
**Western District of Wisconsin**

*Telephone 608/264-5158*
*Administrative Facsimile 608/264-5183*
*Civil Division Facsimile 608/264-5724*
*Criminal Division Facsimile 608/264-5054*

<u>Address:</u>
222 W. Washington Avenue
Suite 700
Madison, Wisconsin 53703

March 5, 2026

Magistrate Judge Anita Marie Boor
United States Courthouse
Courtroom 460
120 North Henry Street
Madison, WI 53703

    Re:    *United States of America v. Jamar M. Purnell et al*

Dear Magistrate Boor:

The Government sets forth the following argument opposing a severance of the defendants' jury trial.

### A. Government's Summary of its Position

The Government respectfully opposes the Court's proposal to sever the case into three trials. The Government reasserts its proposal that the case be adjourned for trial for all defendants and allow the current plea negotiations to continue. The Government is aggressively pursuing resolutions. Allowing the plea negotiations to run their course should ensure less defendants standing trial, which will likely address and alleviate the Court's logistical concerns about a trial with numerous defendants.

### B. Legal Standards for Severance

The Seventh Circuit addressed the issue of a district court's decision to sever a trial first in *United States v. Hedman*, 630 F.2d 1184, 1200 (7th Cir. 1980) (a defendant

March 5, 2026
Page 2

must present a motion to sever based on misjoinder in order for the trial court to address itself to the issue) and again in *Zafiro v. United States*, 506 U.S. 534, 539 ("We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 **only** if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.").(emphasis added).

No such risk exists in this case. This assertion is supported by the fact that no defendant previously moved for a severance of the trial prior to the Court's motion.

"There is a strong preference that co-conspirators be jointly tried, particularly when they were indicted together." *United States v. Alviar*, 573 F.3d 526, 539 (7th Cir. 2009). The federal system favors the efficiency offered by joint trials of defendants indicted together, as such trials serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. *Zafiro v. United States*, 506 U.S. at 537 (1993) (citing *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). Further, "a conspiracy and its cover-up are parts of a common plan." *United States v. White*, 737 F.3d 1121, 1133 (7th Cir. 2013). Moreover, a joint trial aids in the search for the truth by giving the jury the best perspective on all the evidence; one jury gets to see the case as a whole, rather than several juries seeing it in bits and pieces." *United States v. Sophie*, 900 F. 2d 1064, 1083 (7th Cir. 1990) (internal citations omitted).

March 5, 2026
Page 3

### C. Severing the Defendants for Trial will not Increase the Court's Efficiency

The Government is sympathetic to the pragmatic concerns of having a trial of multiple defendants at one time, but under the facts of this unique case, severing the defendants will not be in the interest of judicial economy. Because the indictment charges a conspiracy, the government has the same obligation in each trial to prove up the larger conspiracy. Plainly stated, if severed, the Government must prove the conspiracy three times. The Government cannot bifurcate the conspiracy by which defendants are standing trial.

Therefore, despite defendants being severed, the scope of the evidence at each trial will be essentially the same. That evidence is predicted to include up to 60 witnesses in the Government's case-in-chief, made up of: confidential informants, law enforcement, citizen witnesses, and approximately 25 expert witnesses. *See* R. 266.

### D. Unfair Prejudice to the Government

The motion to sever the case into three trials will prejudice the Government. The Court has discretion to sever a criminal case "so long as it does not result in unfair prejudice to either the government or a defendant." *See* Fed. R. Crim P. 14.

a. Prejudice to Government

As mentioned above, the Government anticipates calling up to 60 witnesses in its case-in-chief, including: confidential informants, law enforcement, citizens, and approximately 25 expert witnesses. *See* R. 266. The Seventh Circuit has noted that saving witnesses the inconvenience of repeating their testimony at different trials is a

March 5, 2026
Page 4

reason that joint trials increase efficiency. *See United States v. Sophie*, 900 F. 2d 1064, 1083 (7th Cir. 1990) (internal citations omitted).

Bringing in that many witnesses three times taxes already scarce resources: for example, crime lab analysts will be asked to travel and adjourn their daily work to testify three times about the same lab reports. Approximately 25 law enforcement personnel will be called away from their active duties three times.

Furthermore, multiple trials put the Government's witnesses at risk of notoriety. After the first trial, the identity of confidential informants and citizen witnesses, as well as the information they testify to, will be known to those in the courtroom. This increases the possibility of intimidation, threats, and retaliation to those witnesses prior to the second and third trials.

### E. The Government Requests an Adjournment and Additional Briefing in Light of New Positions Raised by Defendants

If the Court disagrees with the Government's arguments, then the Government would propose two trials instead of three, and request that the Court set a scheduling conference to allow the Government additional time to propose the most judicial and efficient bifurcation of the defendants for trial. Given defense counsels' letters today indicating that they now believe severance is warranted (*See* Dkt. 302, 306, 309, 311, 313, 314, and 315), the Government respectfully requests additional time for briefing to address their new arguments in favor of severance.

March 5, 2026
Page 5

Given the circumstances, the Government respectfully requests that the Court strikes the trial date on April 13th to allow for briefing.

        Very truly yours,

        CHADWICK M. ELGERSMA
        United States Attorney

        By: /s/_____
        KATHRYN GINSBERG
        STEVEN P. ANDERSON
        Assistant United States Attorney