IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

v.

ANTHONY HOHENSTEIN,                                    Case No.: 25-cr-63-wmc

Defendant.

GOVERNMENT'S BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

Defendant Anthony Hohenstein has moved for a bill of particulars under Federal

Rule of Criminal Procedure Rule 7(f). (Dkt. 285 and 328). He requests that the United

States be ordered to identify 15 items, categorized under four categories:

- The Alleged Agreement

- Co-Conspirators and Scope

- Drug Type and Quantity

- Mr. Hohenstein's Role

(Dkt. 285.)

The defendant argues that the government providing this information in a bill of

particulars is necessary to prepare a defense to the charge and to know the

government's theory of the case. (*See* Dkt. 328 at 4) [1]. The defendant's request should be

---

[1] "The defense is asking the government to identify, at a basic level, the factual theory that transforms Mr. Hohenstein from a customer…into a conspirator."

denied because the information sought has been provided through detailed, post-indictment discovery, or is otherwise inappropriate for a bill of particulars.

## BACKGROUND

On October 29, 2025, the defendant was indicted in a superseding indictment[2] on a single count, for conspiracy to distribute and to possess with intent to distribute, a mixture containing 40 grams or more of a mixture or substance containing fentanyl, in violation of Title 21, United States Code, Section 846. (Dkt. 94. count 1, paras 1 and 5). The indictment alleged this conduct to occur on or about March 2, 2024, to on or about March 20, 2025. (*Id.*) On December 17, 2025, the defendant was indicted in a second superseding indictment which contained the identical charge as to the defendant. (Dkt. 166. count 1, paras. 1 and 5).

## ARGUMENT

A court may direct the government to file a bill of particulars under Federal Rules of Criminal Procedure Rule 7(f). While the rule provides a 14-day window for a defendant to file their request, the court has discretion to consider a motion after that deadline. Fed. R. Crim. P. 7.

The interpretation of Rule 7(f) in the Seventh Circuit is well settled.  "The test of whether a bill of particulars is necessary is 'whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial.'" *United States v. Fassnacht*, 332 F.3d 440, 447 (7th Cir.

---

[2] Superseding Dkt. 9, *United States v. Jamar M. Purnell et. al.*

2003)[3]. An indictment satisfies this standard by setting forth the elements of the offense charged, the time and place of the defendant's conduct which violated that offense, and citation to the statutes allegedly violated. *Id*. at 446; *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003). "The key question is whether the defendant was sufficiently apprised of the charges against him." *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (quoting *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008)).

A defendant has no right to discover through a bill of particulars the evidentiary details of the United States's case. *United States v. Glecier*, 923 F.2d 496, 501-02 (7th Cir. 1991). Nor is a bill of particulars intended to reveal the theory of the United States's case. *Id*. It is well-settled that a bill of particulars cannot be used to obtain a list of the United States's witnesses, or a detailed disclosure of its evidence, or how it will prove its theory of the case. *Fassnacht*, 332 F.3d at 446; *United States v. Johnson,* 504 F.2d 622, 628 (7th Cir. 1974).

Because a bill of particulars is not a mechanism for the defendant to obtain a disclosure of the United States's theory of the case, as the defendant here is requesting[4], it is an inappropriate demand. *See Fassnacht*, 332 F.3d at 446; *Johnson*, 504 F.2d at 628.

## I.    The Indictment has Sufficiently Apprised the Defendant of the Charges Against Him.

A defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved. *Fassnacht*, 332 F.3d at 446

---

[3] *Accord, United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981), *cert. denied*, 455 U.S. 1021 (1982), quoting, *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978)(emphasis in original); *see also, United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991), *cert. denied*, 503 U.S. 996 (1992).
[4] Dkt. 328 at 4-5.

(citation omitted). Once the elements of the crime have been specified, an indictment only needs to provide enough factual information to enable the defendants to identify the conduct on which the government intends to base its case.

The Seventh Circuit has held that an indictment is legally sufficient if it "(1) states all the elements of the crime charged, (2) adequately informs the defendant of the nature of the charges against him, and (3) allows the defendant to assert the judgment as a bar to future prosecutions of the same offense." *Vaughn*, 722 F.3d at 925 (citing *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000)). In *United States v. Dempsey,* the Court held that an indictment for conspiracy under Title 21 U.S.C. §§ 841(a) and 846 need only allege the conspiracy to distribute drugs, the time frame in which it allegedly was operated, and the statute violated. 806 F.2d 766 (7th Cir.1986).

The indictment, specifically the charge relating to the defendant, states the elements of the crime charged, adequately informs him of the nature of the charges against him, allows him to assert the judgment as a bar to future prosecution of the same offense, informs the defendant of the date range of the charged conduct, and specifically states the statutes he is accused of violating. Because the indictment is legally sufficient, the defendant is not entitled to a bill of particulars.

II.    **The Defendant has been Provided with Satisfactory Forms to Obtain the Information Required.**

Through the discovery provided, and the indictment's language, the defendant can discern his role in the conspiracy, the timeframe he participated in the conspiracy, the drug types and weights, and a list of named and unnamed conspirators.

4

A bill of particulars is not required when a defendant can obtain the information necessary for his defense through some other satisfactory form. *Fassnacht*, 332 F.3d at 477 n.2. It is appropriate for the Court to look at post-indictment discovery to determine whether a bill of particulars is required. *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991); *Glecier*, 923 F.2d at 502.

The United States' post-indictment discovery provides the defendant with the information he seeks in his proposed bill of particulars, and with sufficient information to determine the nature of the charges against him to fashion a defense and prepare for trial. The United States has provided voluminous discovery that meets or even exceeds its discovery obligations.[5]

The indictment in this case is a product of a multi-year investigation that included wiretaps that had been conducted in this district by virtue of court orders. Those court orders were obtained by applications and affidavits setting out the probable cause for interception of conspirators and participants communications surrounding the conspiracy and events that were the object of the conspiracy to distribute the controlled substances. These applications and orders are included in the discovery provided to the defendants in this case.

To date, there have been 90,599 searchable pages of discovery provided to the defense, which is provided in a structured, organized, folder-format accompanied by an

---

[5] Discovery was produced to defense counsel in five disclosures, indicated in the records as follows: Dkt. 134 on December 3, 2025; Dkt. 147 on December 30, 2025; Dkt. 246 on January 28, 2026; Dkt. 264 on February 10, 2026; and Dkt. 322 on March 6, 2026.

index. Within this discovery are over 2,000 items related to the wiretap. These include court applications and orders, intercepted calls and texts for six different lines, and approximately 492 transcripts of these calls[6]. Furthermore, the United States provided six summary reports of pertinent calls and texts from the wire[7].

Concerning drug types and quantities, the United States has produced 72 reports from the Drug Enforcement Administration's (DEA) crime lab that corresponds to the testing of weight and type of the seized narcotics from the investigation. The United States has already filed its expert disclosures which identifies the analysts that it anticipates calling at trial. (Dkt. 266.).

Finally, to the extent that the government was able to identify participants in conversations that may have been material to the investigation[8], the government has provided a list of names of those whose calls had been intercepted at discovery bates numbers 20479 and 20484.

The United States has continued to provide the defendant, through his counsel, additional discovery as it becomes available and has maintained communication with defendant's counsel. Relevant to this motion, after receiving all discovery to date, the United States responded to defense counsel with its theory of the defendant's role in the drug trafficking organization in an email correspondence dated February 24, 2026.

The defendant's case is set for jury trial on July 20, 2026. (Dkt. 344.). The

---

[6] 50 Transcripts (Bates 7005 to 7089); 53 Transcripts (Bates 7184 to 7283); 133 Transcripts (Bates 8110 to 8313); 31 Transcripts (Bates 8369 to 8414); 57 transcripts (Bates 8638 to 8718); and 168 Transcripts (Bates 9558 to 9813).
[7] Bates labels for the six separate charts begin with: 9668, 7167, 7896, 8356, 8424, 8605, and 9459.
[8] Moreover, where the government has not been able to fully identify participants in conversation, the defendants themselves may have knowledge of the participants that the government does not.

defendant will have over 5 months since receiving the last disclosure of discovery to satisfactorily accomplish what he claims he cannot do in his motion: "identify evidence that Mr. Hohenstein distributed, redistributed, or possessed with intent to distribute controlled substances." (Dkt. 328 at 4).

## CONCLUSION

Through the discovery provided, and the indictment's language, the defendant can understand his role in the conspiracy. The defendant has been sufficiently apprised of the charges against him, and can obtain the information necessary for his defense through other satisfactory forms. The defendant has been provided with voluminous evidence from the United States and has and will continue to have sufficient time to discern the information it seeks in the discovery; and the United States has already communicated a theory of the defendant's role in this case to defense. Therefore, a bill of particulars is not required or appropriate, and the defendant's motion should be denied.

Dated March 31, 2026

Respectfully submitted,

CHADWICK M. ELGERSMA
United States Attorney

By: /s/
KATHRYN GINSBERG
STEVEN P. ANDERSON
Assistant United States Attorneys

7