IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.                                          Case No.:  25-cr-63-wmc

SHAVARIM J. WICKS,

Defendant.

## MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by Chadwick M. Elgersma, United States

Attorney for the Western District of Wisconsin, by Steven P. Anderson, Assistant

United States Attorney for that district, moves this Court for an order forfeiting all right,

title, and interest of defendant Shavarim J. Wicks in the following:

　　a. any property constituting and derived from any proceeds, obtained
directly or indirectly and any property used, or intended to be used, in
any manner or part, to commit, or to facilitate the commission of the said
violation, including but not limited to the $2,980.00 in U.S. currency.

This motion is made pursuant to the provisions of 21 U.S.C. § 853 and Rule 32.2

of the Federal Rules of Criminal Procedure, as well as the following:

1.　　On January 6, 2026, a federal grand jury sitting in Madison, Wisconsin

returned a Second Superseding Indictment against defendant Shavarim J. Wicks. ECF

No. 166.

2.      Pursuant to the plea agreement, the defendant agreed to an order of forfeiture for the seized property including the $2,980.00 in U.S. currency seized on May 29, 2024.  ECF. No. 350.

3.      On April 8, 2026, defendant Shavarim J. Wicks pleaded guilty to Count 1 of the Second Superseding Indictment. Count 1 charged a violation of 21 U.S.C. § 846. ECF. No. 355.

4.      Upon the issuance of a Preliminary Order of Forfeiture, and pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of the order and of its intent to dispose of property in such a manner as the Attorney General may direct. Notice that any person, other than the defendant, Shavarim J. Wicks, having or claiming a legal interest in the property, must file a petition with the Court (and serve a copy on Steven P. Anderson, Assistant United States Attorney) within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property, and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

2

5.      Based upon the above, the United States asks this Court to enter a

Preliminary Order of Forfeiture against the following:

   a. any property constituting and derived from any proceeds, obtained
      directly or indirectly and any property used, or intended to be used, in
      any manner or part, to commit, or to facilitate the commission of the
      said violation, including but not limited to the $2,980.00 in U.S.
      currency.

Dated this 9th day of April 2026.

                            Respectfully submitted,

                            CHADWICK M. ELGERSMA
                            United States Attorney

                         By:  /s/ Steven P. Anderson
                            STEVEN P. ANDERSON
                            Assistant United States Attorney

3