IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v.                                             Case No.:  25-cr-63-wmc

SHAVARIM J. WICKS,

Defendant.

---

PRELIMINARY ORDER OF FORFEITURE

---

Based upon the motion of the United States, the entire file in this case, and good cause appearing, the Court finds that:

1.      On January 6, 2026, a federal grand jury sitting in Madison, Wisconsin returned a Second Superseding Indictment against defendant Shavarim J. Wicks. ECF No. 166.

2.      Pursuant to the plea agreement, the defendant agreed to an order of forfeiture for the seized property including the $2,980.00 in U.S. currency seized on May 29, 2024.  ECF. No. 350.

3.      On April 8, 2026, defendant Shavarim J. Wicks pleaded guilty to Count 1 of the Second Superseding Indictment. Count 1 charged a violation of 21 U.S.C. § 846. ECF. No. 355.

IT IS THEREFORE ORDERED:

1.     That based upon the plea agreement, and pursuant to 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the defendant forfeits to the United States his right, title, and interest in the following:

    a.  any property constituting and derived from any proceeds, obtained directly or indirectly and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, including but not limited to the $2,980.00 in U.S. currency.

2.     The government is directed to seize and take custody of the above-referenced property.

3.     Pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of the order and of its intent to dispose of property in such a manner as the Attorney General may direct. Any other person, other than the defendant, having or claiming a legal interest in any of the forfeited property must file a petition with the Court within thirty days of final publication notice or receipt of actual notice, whichever is earlier.

    a.    The petition shall be for a hearing to adjudicate the validity of a petitioner's alleged interest in the forfeited asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited asset and any additional facts supporting the petitioner's claim and the relief sought.

b.      To the extent practicable, the United States may also provide direct written notice to any person who has an alleged interest in the forfeited asset, as a substitute for published notice.

4.      Upon adjudication of any and all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

ORDERED this ___9th___ day of April 2026.

WILLIAM M. CONLEY
United States District Judge

3