UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    Case Number 25-cr-63-wmc

JAMAR M. PURNELL,

Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

Mr. Purnell headed up an operation that caused very dangerous drugs to be brought to the Western District of Wisconsin on a regular basis and in whopping quantities. The drugs endangered many individuals' health and productivity and stability. Mr. Purnell possessed a firearm in furtherance of his drug trafficking. Mr. Purnell's crimes are unquestionably very serious and his punishment will be, too.

The Court will decide whether Mr. Purnell will serve a term in the Bureau of Prisons of 17 years, 20 years, or something in between. I urge the Court to impose a sentence of twelve years prison on Count 1 and five years (consecutive) on Count 7, for a total term of imprisonment of 17 years.

Furthermore, I request that the sentence on Count 1 run concurrent to any sentence that may be imposed in the Gwinnett County, Georgia, case for which a probation warrant was issued in August of 2025. (PSR at ¶ 181).

I cannot recall representing someone so simply honest with himself and committed to calling himself out for what he did without drifting to any justification or excuse whatsoever. When I mused in Mr. Purnell's presence about how difficult and influential his father's and paternal relatives' lure to the drug life must have been for him as a teen and thereafter, Mr. Purnell responded that he was raised by his *mother* and lived on a street populated with *her* relatives and *they* were all wonderful, caring influences and, so: No excuses.

Mr. Purnell talks with gratitude for the good schooling he experienced when he was young, the gift of a strong intellect and taste for reading, and the vocational training he received through Operation Fresh Start/AmeriCorps that set him up to make successful the residential renovation business he had with his mother over the past dozen years.

Mr. Purnell has honestly identified his motive as straight up greed (versus the allure of power or excitement or comradery with a crew). The income from drug dealing made too easy for him his role later in life as "The Successful Bread-Winner," and it became addictive to him.[1]

Mr. Purnell admits that from the time he was introduced to drug dealing, the drug money was always part of his life and his "budgeting." He didn't cut himself off from the vice of dealing drugs the way he had cut himself off from other destructive vices - - like the *use* of illicit drugs and alcohol, for example. He blames no one but himself for his being reliant on drug money.

"I'm not playing games now," and, "I am not wasting any more time," are the mantras I have heard from Jamar Purnell again and again in regards to directly holding himself to account, reflecting on the negative impact of his decisions on others (such as his son and other co-actors), and owning responsibility for the misuse of the gifts he has been given in this life. He resolved his case very promptly. In part, he hoped his decision would take some tension off family members and others charged in his conspiracy for whom he feels responsibility. He makes no qualms about the fact that he has earned a substantial sentence. He is making plans to study and make the most of his life while in prison and afterwards to try to make up for the harm he has caused.

I worry that my description of Mr. Purnell may be misunderstood as that of a guy who is treating this sentencing as simply the cost of doing his business - - as the overdue payment of the piper. That is not so. It is difficult to capture in a short memorandum Mr. Purnell's quiet, determined, calm, and self-focused regard of his circumstances - - self-focused as in: *It*

---

[1] On the day of his presentence interview, I met with Mr. Purnell afterwards and asked him to tell me, without worrying about form or wording, how he got to where he is now, about to be held accountable for his drug trafficking. The attached is, thanks to my high-school note-hand class, a near-verbatim statement he provided and which he reviewed and approved for filing. A second attachment is his written letter to the Court for consideration before sentencing. I will submit letters of support in a separate filing.

*is up to <u>him</u>* to change what he has done with his life and the impact he has on others from here on out - - today in the jail, tomorrow in the prison, and years down the road when released from prison.

The main purpose of the sentence in Mr. Purnell's case must be punishment and deterrence. A 17-year prison term is unquestionably a very, very harsh punishment that certainly deters Mr. Purnell, specifically, until he is on the cusp of old age (if one accepts that middle age ends at age 65). This is especially so due to his relatively advanced age of 49 and his array of health issues (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮) (PSR ¶¶ 207, 208).

At Mr. Purnell's current age, people are very often set in their ways. That bodes well for Mr. Purnell's future because he has a good mind and he is disciplined as proven when he quit drinking 15 years ago and quit illicit drugs 26 years ago. (PSR at ¶¶ 211, 212, 213). He likes to work and has always held employment as an adult. (PSR at ¶¶ 217, 218, 219). These attributes make imprisonment beyond 17 years unnecessary for purposes such as for the provision of treatment or vocational training.

At the same time, there is an obvious need for Mr. Purnell to change his lifestyle even at this stage of his life. A 17 year sentence is sufficient to provide the break with his past that even he appreciates is called for.

I ask the Court to impose a sentence of 12 years on Count 1, concurrent to any sentence that may be imposed in the Georgia case, and a sentence of 5 years on Count 7.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2026.

Respectfully submitted:


_s/ **Kathleen M. Quinn**_
Attorney Kathleen M. Quinn, LLC
324 E. Wisconsin Avenue, Suite 1410
Milwaukee, WI 53202
414-254-6266 Fax: 414-272-1435
quinnkathleen@4law.com