UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    -vs-                           Case No. 25-CR-63

JAMES K. LAND,

    Defendant.

**DEFENDANT'S SENTENCING MEMORANDUM**

    The Defendant, James K. Land, by his attorney, Thomas J. Erickson, pursuant to the Due Process provisions of the Fifth Amendment to the United States Constitution as well as Rule 32(c) of the Federal Rules of Criminal Procedure, respectfully submits the following Sentencing Memorandum based on an analysis of factors set forth in 18 U.S.S.G. s. 3553(a).   The pre-sentence report concludes, upon application of the 2025 Sentencing Guidelines Manual, the Defendant is in a guideline imprisonment range of 120 to 150 months based on an offense level of 27 and a criminal history category V.

    The Defendant asks the court to impose a sentence of 60 months, the mandatory minimum sentence.

## I.    SENTENCING METHODOLOGY

Post-*Booker*, a court may impose a sentence with the applicable guideline range, or impose a non-guideline sentence if it is justified by 3553(a) factors. *See United States v. Crosby*, No 03-1675, 2005 U.S. App. LEXIS 1699 at 25 (2d Cir. Feb 2, 2005).

Title 18 U.S.C. s. 3553(a) requires the court to consider seven factors:

1. The nature and circumstances of the offense and history of characteristics of

    the defendant;

2. The need for the sentence imposed

    (A) to reflect the seriousness of the offense, to promote respect for the law,

and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training,

medical care, or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The sentencing range established by the guidelines;

5. Any pertinent policy statements issued by the Sentencing Commission;

6. The need to avoid unwarranted sentencing disparities among

defendants with similar records who have been found guilty of similar conduct;

and

7. The need to provide restitution to the victims of the offense.

After considering all of these factors, a court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." *United States v. Galvez-Barrios*, No. 04-CR-14, 2005 U.S. Dist. LEXIS 1997, at *16-17 (E.D. Wis. Feb. 2, 2005).

In *Gall v. United States*, 552 U.S.-, 2007 WL 4292116 (Dec. 10, 2007), the Supreme Court rejected an appellate rule that requires "extraordinary" circumstances to justify a sentence outside the Guidelines range.  The Court made it clear that as long as the record demonstrates that a district court has considered the s. 3553(a) factors and supported its sentence with a rationale that is supported by the record, the sentence shall stand.

## II.    SENTENCING ANALYSIS

The s. 3553(a) factors can be grouped into three general categories: the nature of the offense, the character of the defendant, and the needs of the public and victims of the offense.

### The Nature of the Offense

The Defendant has been heavily addicted to methamphetamine and heroin for several years. From January through March of 2025, the Defendant, through his historic connection as a buyer of meth from distributors in the DTO, became, himself, a sub-distributor of drugs.  The reason and sole motive of the Defendant's involvement in distributing meth was to get money so he could buy more drugs for himself.  It is of note that the Defendant, while selling these drugs, was essentially homeless and often sleeping his car.  Whatever profit was made was used to satisfy his addiction.

The drug quantities attributable to the Defendant eclipsed the personal use amounts; nonetheless, a fair share was for his personal use.  As the Defendant states in his Acceptance of Responsibility statement (p.37, PSR), all he really was thinking about during his rather truncated time (far less than 6 months) as a nickel and dime distributor was "getting the next hit. That's all that really mattered to me."

Thus, the Defendant asks that the court consider these factors with an emphasis on the reasons for the crime and the relative short-term nature of his involvement with the DTO in mitigation when determining a sentence sufficient but not greater than necessary to serve the purposes of sentencing.

**The Character of the Defendant and the Needs of the Public**

The Defendant, at age 37, has had by any measure a difficult life as a result of extraordinary family dysfunction and drug addiction.

The Defendant's parents divorced when he was five years old.  The Defendant and his siblings were left in the care of his mother who was a meth addict. She abandoned her children for several years while leaving them in the care of maternal grandparents.  The Defendant's grandfather was physically abusive to the Defendant's grandmother and allowed the Defendant and his brother to drink alcohol.  When the Defendant was in fourth grade, his now sober mother took custody of her children back. When the Defendant was fifteen, she relapsed.  The Defendant and his brother then began using meth, opioids and alcohol with their mother.

At seventeen, the Defendant moved to Wisconsin to in attempt to get a "fresh start" (p. 56, PSR) and re-establish a relationship with his father.  Unfortunately, the

Defendant has not been able gain a positive relationship with his dad and the Defendant remains "starved for his attention" (p. 55, PSR).

Out of this sad tale of childhood comes a staggering history of substance abuse: first consumed alcohol at 9; marijuana at 11; meth (with his mother) at 14; opioids at 16; and continuing on to most other drugs throughout his life. He has overdosed from heroin on several occasions and last used it, along with meth, on the day he was arrested for this case in September of 2025. The good news is that the Defendant has been on Subutex since his arrest, and he believes it has been a great benefit to him and is dedicated to continuing in treatment. (p. 59, PSR).

The Defendant's chronic polysubstance drug abuse has prevented him from getting a foothold on living a decent life. Nonetheless, he has some positive accomplishments. He does have his GED and has worked as a roofer and other construction jobs. Sadly, he is estranged from his three children who he has not seen in ten years. Their mother confirms that the Defendant is a great father but that his drug abuse has stymied his ability to parent his children. (p. 56, PSR).

The Defendant's criminal history category V is borne by his drug addiction and is accordingly overstated. The convictions present a slew of one-point violations for non-violent crimes such as possession of drug drugs or drug paraphernalia, bail jumping, retail thefts, and disorderly conducts. The only two-point violation is possession of narcotics. While the points add up, the Defendant's record is not one that would be normally associated with category V offenders who usually have prison sentences, especially when viewed through the lens of his drug-addled life. The Defendant is a non-

violent drug offender whose addiction has caused him to make bad decisions, and those bad decisions have resulted in an overstated criminal history for a person who has never been sentenced to prison.

In terms of rehabilitation, AODA treatment is the priority.  Also, the Defendant would benefit from vocational training.

Finally, the Defendant understands that his conduct was illegal and destructive and that his drug addiction, while an explanation, is not an excuse.  He realizes that if he is not part of the solution as a sober, law-abiding person, he is part of the problem.  Also, he knows that continued drug use will only lead to further estrangement from his children, more incarceration, and ultimately to the grave.

**CONCLUSION**

For the other reasons so described, the court should find that there are mitigating circumstances in this case which warrant a downward departure from the sentencing guidelines.  The Defendant asks the court to consider a sentence of five years in prison along with four years of supervision which is sufficient but not greater than necessary to serve the purposes of sentencing.  The Defendant also requests a recommendation for the BOP 500 hour drug program.

Dated this 21st day of May, 2026.

Respectfully submitted,

*Electronically signed:*

/s/_____
Thomas J. Erickson
Attorney for Defendant

Address and Phone:
316 N. Milwaukee St., Ste. 550
Milwaukee, WI  53202
(414) 271-0678