IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.

Case No. 25-cr-63-wmc

JAMES L. DUBOIS,

Defendant.

---

GOVERNMENT'S SENTENCING MEMORANDUM

---

INTRODUCTION

The government submits this memorandum to aid the Court in the sentencing of

defendant, James L. Dubois, which is currently scheduled for May 28, 2026. As detailed

below, Dubois was sub-distributor for an extensive drug trafficking organization led by

Jamar Purnell.[1] Dubois moved significant amounts of drugs into the community on an

almost daily basis: approximately 2,296 grams of methamphetamine and 193 grams of

fentanyl – from intercepted communications alone. For the reasons stated below, the

government asks this Court to impose a sentence of 9 years in prison.

FACTS[2]

In early 2024, law enforcement officers began investigating members of a drug

trafficking organization (Purnell DTO) operating in Dane County and led locally by

---

[1] Jamar Purnell was sentenced to a total of 20 years on May 21, 2026, after pleading guilty to Counts 1 and 7 of the Second Superseding Indictment in this same case.

[2] The facts underlying the offense in this case are accurately detailed in the Revised Presentence Investigation Report ("PSR") (Dkt. 388).

Jamar Purnell. (PSR ¶¶ 42-44.) The investigation involved many controlled buys of significant quantities of narcotics by members of the Purnell DTO, Title III wiretaps on phones of members of the Purnell DTO, surveillance (physical and GPS), interviews, and warranted searches of residences and vehicles. (PSR ¶ 44.)

Dubois played an important role as a sub-distributor for the Purnell DTO. (PSR ¶ 32.) He distributed larger quantities of methamphetamine and lesser quantities of fentanyl on an almost daily basis. (*Id.*) He would sometimes meet the primary distributors, Jimmie Leuaxay and Keean Moore, multiple times in the same day to pick up additional drugs. (*Id.*) Dubois was also involved in introducing multiple individuals to the DTO. (*Id.*) Based on intercepted communications while the wiretap was active, between January 18, 2025, and March 6, 2025, Dubois distributed approximately 2,296 grams of methamphetamine and 193 grams of fentanyl. (PSR ¶ 165.)

Dubois was arrested on January 27, 2025, and charged in a Dane County Circuit Court Case (that remains pending). (PSR ¶ 215.) He was released from custody on a signature bond January 29, 2025.[3] From intercepted communications, Dubois immediately returned to distributing large quantities of drugs beginning the next day, January 30, 2025. (PSR ¶ 147.) He continued to engage in significant drug trafficking while out on bond.

---

[3] Wisconsin Circuit Court Access,
https://wcca.wicourts.gov/caseDetail.html?caseNo=2025CF000264&countyNo=13&index=0&mode=details.

Dubois pleaded guilty to a one-count indictment, which charged him with conspiring to distribute or possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine and 40 grams or more of a mixture or substance containing a detectable amount of fentanyl and possession of firearms in furtherance of a drug trafficking crime. (PSR ¶¶ 7-8.)

## GUIDELINES

The PSR determined Dubois has a total offense level of 27 and a criminal history category of III. (PSR ¶¶ 182, 200.) The resulting guideline imprisonment range is 87 to 108 months. (PSR ¶ 250.) The government agrees this is the correct guideline analysis.

Dubois currently has three pending cases in state court, and this Court has the discretion to indicate whether the federal sentence is intended to run consecutively to or concurrently with any sentence imposed in those cases. (PSR ¶ 251.)

## ARGUMENT

Given the nature of Dubois's current offense, the circumstances under which he committed it, and his background, the government respectfully requests that this Court impose a sentence of 9 years in prison.

A.    <u>Nature, Circumstances, and Seriousness of the Offense</u>

Dubois was a sub-distributor for a large drug trafficking organization that moved incredible quantities of methamphetamine, heroin/fentanyl, and cocaine. His relevant conduct *conservatively* includes over 2 kilograms of methamphetamine and 193 grams of fentanyl. This Court is aware that these drugs are highly addictive and

potentially lethal, and the drugs distributed by Dubois likely caused great harm to the community. It is aggravating that Dubois engaged in this conduct while out on bond for a state drug case.

> B.      The History and Characteristics of the Defendant

Dubois's history and characteristics also justify a weighty sentence. His involvement in the criminal justice system began at the age of 19 (he is currently 31) and has been consistent for the past decade. Dubois has a total of 9 criminal convictions, including 3 felonies.

Dubois was also charged in multiple state cases, that remain pending, for conduct occurring after his involvement with the Purnell DTO. (PSR ¶¶ 216, 217.)

Dubois has been given many opportunities for lesser penalties, including fines, probation, and jail sentences in the past. His supervision has been revoked in the past. (PSR ¶¶ 188, 189.) Dubois's prior experiences with the criminal justice system have seemingly not deterred him from returning to crime, and his conduct in the present case represents a significant escalation.

Dubois was unemployed for the entirety of his involvement in the charged drug trafficking conspiracy, supporting the conclusion that he was distributing serious drugs to maintain his lifestyle. (PSR ¶ 242.)

> C.      The Need for a Sentence that Promoted Respect for the Law and Provides Just Punishment.

In this case, the primary goals of sentencing are incapacitation and punishment. Dubois's large scale drug trafficking makes him a serious danger to the community.

Rehabilitation-wise, a substantial sentence in this case will give Dubois time to reflect on the choices that led him here and to seek out and use resources, both while in prison and later while on supervised release, to ensure he leads a productive and law-abiding life when released. By imposing a significant prison term here, this Court will send a needed message to address the seriousness of these offenses, promote respect for the law, provide just punishment, protect the public from further crimes, and deter Dubois from future criminal conduct.

<u>CONCLUSION</u>

Based on the serious nature of Dubois's current offense, the circumstances under which he committed it, his background, and after full consideration of the relevant section 3553(a) factors, the government asks this Court to impose a total sentence of 9 years in prison, which would send a strong message to Dubois that his dangerous behavior will not be tolerated.

Dated this 26th day of May 2026.

Respectfully submitted,

CHADWICK M. ELGERSMA
United States Attorney

By: /s/
STEVEN P. ANDERSON
Assistant United States Attorney