# JEFF W. NICHOLS

NICHOLS LAW OFFICE
P.O. BOX 8857 • MADISON, WISCONSIN • 53708
PHONE: (608) 249-8020 • EMAIL: jeff@nichlaw.com
WEB: nichlaw.com

May 28, 2026

Mariah A. Stieve
U.S. Probation Officer
United States Probation and Parole
222 West Washington Avenue, Suite 340
Madison, WI 53703

Re: *United States of America v. Travis J. Corrado*
Case No. 25-cr-63-wmc

Dear Ms. Stieve:

Mr. Corrado and I have received and reviewed the Presentence Investigation Report, dkt. 382.

After reviewing the report, Travis objects to ¶166. Travis should receive a decrease for having a mitigating role in the conspiracy under USSG §3B1.2. Although the drug amounts attributable to him appear to make him an average participant, a look at application note 3(C) belies this conclusion.

Whether the defendant was a minimal or minor participant, or occupied a role falling between minimal and minor, is "heavily dependent upon the facts of the particular case." Application Note 3(C) to §3B1.2 provides a non-exhaustive list of factors for the court to consider in determining whether to apply a mitigating role adjustment and, if so, the amount of the adjustment:

(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and] (v) the degree to which the defendant stood to benefit from the criminal activity.

The application note also emphasizes that the mere fact that a defendant performed

an "essential or indispensable role in the criminal activity" is not conclusive in determining whether to apply a mitigating role adjustment and that such defendant, if otherwise eligible, may receive a mitigating role adjustment.

(i) Travis dealt primarily with one person, Leuaxay. He additionally had limited contact with Moore, Sr. They were his contact points for buying drugs. He did not know the scope and structure of the conspiracy, just who he was buying from. He was not aware of the number or identity of other customers. PSR, ¶¶ 140-148.

(ii) Travis was not involved in planning or organizing the conspiracy's activities. He only had a telephone number to contact to order drugs.

(iii) Travis did not exercise or influence decision-making authority.

(iv) As noted above, Travis was unaware of the scope and structure of the conspiracy. Travis was responsible for ordering and paying for the drugs he received, middling various amounts to other individuals, and keeping some to feed his own addiction.

(v) Travis benefitted from selling drugs by feeding his own addition. He was able to obtain more drugs at a lower price. Other than personal use amounts of drugs, no significant amount of drugs, or cash was found at his apartment.

Mr. Carrodo has no other clarifications or objections.


Sincerely,

s/ Jeff W. Nichols
Jeff W. Nichols SBN 1000916
Attorney for Defendant