IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMAR M. PURNELL, *et al.*,

Defendants.

OPINION and ORDER

25-cr-63-wmc

---

Defendant Anthony E. Hohenstein is a co-defendant in this drug conspiracy case. He is charged with one count of conspiring to distribute, and to possess with the intent to distribute, various controlled substances, along with 14 other people. Dkt. 94 at 1. The operative charging document, a second superseding indictment, alleges that this conduct occurred on or about March 2, 2024, to on or about March 20, 2025, and that the type and amount of controlled substance allegedly attributable to Hohenstein was 40 grams or more of a mixture or substance containing a detectable amount of fentanyl. Dkt. 166 at 1–3. Hohenstein moved for a bill of particulars under Federal Rule of Criminal Procedure 7(f). Dkt. 285. For the following reasons, the court will order the government to identify the co-conspirators with whom Hohenstein is alleged to have conspired but will otherwise deny Hohenstein's motion.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 7(c)(1) provides that an "indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Federal Rule of Criminal Procedure 7(f) permits the court to order the

government to provide a defendant with a bill of particulars where an indictment fails to sufficiently appraise the defendant of the charges against him, so that he may adequately prepare his case and avoid surprise at trial, as well as the later risk of double jeopardy. *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978).

While a defendant is entitled to know the offense with which he is charged, the government need not disclose all the details of how it will prove its case. *United States v. Blanchard*, 542 F.3d 1133, 1141 (7th Cir. 2008); *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). A bill of particulars is thus unnecessary "where the indictment sets forth the elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense." *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (citation omitted). Likewise, no bill of particulars is required if the information is "available through some other satisfactory form, such as discovery." *Blanchard*, 542 F.3d at 1140 (citation omitted).

ANALYSIS

As a threshold matter, Hohenstein moved for a bill of particulars outside of Rule 7(f)'s 14-day time limit, but the court finds this was reasonable. The rule allows the court to consider a later filing, and the government does not press the point. *See* Dkt. 351 at 2. This is likely because all discovery was produced after the 14-day window closed on December 2, 2025. *See* Dkts. 134, 147, 246, & 264. Because defense counsel could not reasonably be expected to determine whether a bill of particulars was needed within the 14-day window without any discovery, the court will consider the motion.

Turning to the merits, the court will deny Hohenstein's motion, with one exception, discussed below.  Hohenstein asks the court to order the government to provide responses to 15 requests grouped into four categories seeking more information about:

1. The agreement Hohenstein allegedly entered into with others constituting a criminal conspiracy as opposed to a buyer-seller relationship;

2. The identities of the co-conspirators with whom Hohenstein is alleged to have conspired and the scope of the alleged conspiracy;

3. The drug types and quantities attributed to Hohenstein; and

4. Hohenstein's alleged role in the conspiracy.

Hohenstein acknowledges the government provided him some level of detail as to its theory of the case, stating that it "rests on [his] level of trust with the lead defendant Jamar Purnell, and on the fact that Purnell contacted [him] when law enforcement executed search warrants."  Dkt. 328 at 4.  Hohenstein explains that, at bottom, he wants the government to identify "the factual theory that transforms [him] from a customer . . . into a conspirator," because, in counsel's estimation, the evidence supports that Hohenstein was just a buyer, and a government witness's characterization of him as "exclusively a fentanyl customer of the Purnell DTO."  *Id*.

The government opposes the motion, stating that it has already provided the information Hohenstein seeks through detailed discovery and that Hohenstein's requests are otherwise not appropriate for a bill of particulars.  In support, the government asserts that the superseding indictment provides the charge, the elements, the date range of the charged conduct and the applicable statutes.  It also states the drug quantity and type allegedly attributable to Hohenstein.

An indictment charging an offense under 21 U.S.C. §§ 841(a) and 846, the statutes Hohenstein is charged with violating in this case, is sufficient if it sets forth the elements of a drug conspiracy, the operative time and place of the conspiracy, and the statute(s) violated. *Vaughn*, 722 F.3d at 927 (citing *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003)). The superseding indictment here does each of these things, Dkt. 166 at 1–3, and thus is sufficient to notify Hohenstein of the charge against him.

Beyond a sufficient charging document, Hohenstein has had the benefit of extensive discovery and ample time to review it. The government has provided Hohenstein with over 90,599 searchable pages of discovery, organized in folder format with an index. Dkt. 351 at 5. This discovery includes over 2,000 items related to wiretaps, such as summary reports, court applications and orders, text messages, transcripts, and a list of names of those material participants whose calls were intercepted. The government has also provided 72 reports from the crime lab regarding the testing of weight and type of seized narcotics, and its expert disclosures. Dkt. 266.

The fact that the government has provided "voluminous discovery" does not, by itself, obviate the need for a bill of particulars. *United States v. Budic*, No. 20-cr-168, 2021 WL 6755012, at *4 (E.D. Wis. Oct. 6, 2021), *report and recommendation adopted*, No. 20-cr-168, 2021 WL 5905944 (E.D. Wis. Dec. 14, 2021). In fact, an ocean of impenetrable discovery materials may in some cases provide a basis to order a bill of particulars. But, in this case, the government has also provided defense counsel with its theory of Hohenstein's role in a February 24, 2026 email, so Hohenstein has had a lens through which to review the discovery materials. And Hohenstein has had the benefit of time, having received the last disclosures on February 10, 2026, Dkt. 264, and the trial date reset from April 13, 2026 to July 20, 2026,

Dkt. 344. *See United States v. Radermacher*, Case No. 05-cr-039-C, 2005 WL 3037036, at *2 (W.D. Wis. Nov. 10, 2005) (noting that defendants received a "windfall" after the court postponed trial, allowing "even the fringe players ample opportunity to ferret out whatever small portions of the evidence are directly applicable to them" and denying the defendants' requests for bills of particulars).

Hohenstein presses the government to provide more detail, specifically to explain what facts it relies on to allege conspiracy based on trust when, in his view, the evidence only supports his role as a customer. But a bill of particulars is not a discovery tool designed to provide a defendant with a detailed disclosure of the government's legal theories or other evidentiary detail. *See Vaughn*, 722 F.3d at 927 (a bill of particulars is unnecessary "where the indictment sets forth the elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense"); *Blanchard*, 542 F.3d at 1140 (a bill of particulars is not necessary where the information is available in some other satisfactory form, like discovery); *United States v. Balsiger*, 644 F. Supp.2d 1101, 1112 (E.D. Wis. June 16, 2009) (evidentiary details of the government's case and the government's theory of the case are not subject to discovery by means of a bill of particulars). Hohenstein has been provided sufficient information and time to understand "the offense charged," and that is all that is required. *See* Fed. R. Crim. P. 7(c)(1); *Vaughn*, 722 F.3d at 926–27.

For the reasons above, Hohenstein's motion must be denied, with one exception: The court will order the government to promptly provide Hohenstein with the names of the co-conspirators with whom he is alleged to have conspired, if it has not yet done so. The superseding indictment references the defendants as well as "others known and unknown to the grand jury." Dkt. 166 at 2. Because this leaves the identities of the co-conspirators unclear,

it is this court's practice to order bills of particulars identifying them.  *See, e.g., United States v. Breslin*, Case No. 23-cr-10-wmc, 2024 WL 4279472, at *11 (W.D. Wis. Sept. 3, 2024) (noting that this court routinely grants defendants' requests for the names of the people with whom they are alleged to have conspired).  The court will do so here.

### ORDER

IT IS ORDERED that defendant Anthony E. Hohenstein's motion for a bill of particulars, Dkt. 285, is DENIED except as follows:  Not later than June 12, 2026, the government shall identify to defendant and the court all of the alleged co-conspirators in Count 1 that Hohenstein is alleged to have conspired with.  Alleged co-conspirators "known" to the grand jury must be identified by name.  Alleged co-conspirators "unknown" to the grand jury must be identified by providing any and all information presented to the grand jury, under seal if necessary, that caused the grand jury to include unknown co-conspirators in this count.

Entered June 2, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge