IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,
      Plaintiff,

v.

KEEAN MOORE, JR.,
      Defendant.

**DEFENDANT KEEAN MOORE, JR'S**

**SENTENCING MEMORANDUM**

Case No. 25 cr 63 wmc

---

Defendant, Keean Moore, Jr. ("Keean") by his attorney, Antonette Laitsch, submits this Memorandum in support of a sentence below the advisory Sentencing Guideline range.  The Presentence Report calculated Keean's offense level at 31 after the relevant adjustments with a criminal history category of II.  This results in a  guideline range of 121-151 months.  The drug offense has a mandatory minimum of five years of incarceration; however, on October 7, 2025 Keean provided a truthful proffer to the government and and thus meets the Safety Valve criteria set forth in 18 U.S.C. 3553(f)(1)-(5). Therefore the court is not bound by a mandatory minimum sentence. Taking into consideration the guidelines and the sentencing factors contained in 18 U.S.C. § 3553(a) a three year sententence followed by four years of supervised release on the drug offense and a concurrent two year sentence followed by three years of supervised release for the possession of firearm offense meets all of the goals of sentencing.

1

## I.      The Nature and Circumstances of the Offense.  (§3553(a)(1)).

The Superceding Indictment stems from a large-scale drug distribution.  Fifteen of the sixteen defendants were charged with conspiracy related to drug distribution.  Only Keean was not.  Keean's drug activity was neither complicated nor sophisticated. He became involved through his father, Keean Moore, Sr, who was one of the primary distributors in the investigated drug conspiracty.  In all of the incredibly extensive investigation of this drug conspiracy,  it is imperative for the court to recognize that Keean's involvement in drug activity is minimal. At the direction of his father he was involved in a controlled buy on August 9, 2024.  Wiretap interception also disclosed his involvement in a drug sale conversation in January of 2025 and a likely drug sale in March of 2025, again at the direction of his father.  Keean was carrying a firearm when arrested in July, 2025. The majority of the drugs used in the guideline calculation were found in a search of the premises in which he was residing as well as two other handguns.

## II.     History and Characteristics of the Defendant.  (§ 3553(a)(1).

Keean is merely 25 years old. His family life growing up was difficult. He was sexually abused when he was 7.  His father was in and out of jail.   His mother committed suicide when he was 11 years old.  Keean was placed in foster care after her death because of his fathers abuse and alcoholism.  Despite these challenges he has been in a

committed relationship with Natasha Robinson for four years. They have two young girls, SaRiyah and KaNiya.  KaNiya has autism. They are also raising Natasha's two sons, Devin and Dae'Mazzi, as their own.  Devin has ADD and Oppositional Defiant disorder. Together Keean and Natasha opened a cleaning business.  At the time of Keean's arrest they were struggling financially.  The family had been evicted from their apartment and were living in an extended stay hotel.

While Keean's tragic upbringing and financial struggles does not excuse his criminal conduct, it does provide critical context to his life. Despite these difficulties, Keean has a minimal criminal record which is dated, especially given his young age. Both the ordinance violation and the criminal conviction occurred seven years ago, when he was 18 years old. Keaan has never spent a more than a few days in jail.  He is hard worker, working for a temporary agency until he and Natasha created a business all while raising four children, two of whom have special needs. This is especially admirable in light of his young age. He has taken responsibility for this crime and is ready to pay the consequences of his actions and move forward with his life. He would like to go into a trade of some sort so that he can provide financial stability to his family in the future.

### III.   The Need for the Sentence to Reflect the Seriousness of the Offense, Respect for the Law and Just Punishment for the Offense.  § 3553(a)(2)(A).

Sentencing Keean as recommended will not undermine the seriousness of these offenses or the principles of respect for the law and just punishment.  18 U.S.C. § 3553 requires the Court to impose a sentence sufficient, but not greater than necessary, to affect the goals of sentencing.  Keean has a minimal criminal record with only two points

scored in his criminal record, which is the lowest end of category two.  Quite frankly, his criminal history is inflated considering that one of the two points scored is for an ordinance violation of possession of paraphernalia (marijuana pipe) when he was 18 years old.  Under the guidelines, local ordinance violations are generally not counted for criminal history.  However, there is an exception if the local ordinance violation is also a violation under state criminal law and is counted as if there were a conviction under state law. USSG section 4A1.2, Application note 12B.  Thus, whether possession of paraphernalia is a state crime depends solely on what state you live in. There are 24 states that have legalized possession of recreational marijuana and several have modified the penalties for possession of paraphernalia accordingly.  For example in Michigan, it is legal to possess, purchase, use and distribute marijuana accessories for adults.  Michigan Code Section 333.27955, section 5 sub 2.  Granted,  Keean was 18 at the time of the ordinance violation; however, the above is only meant to illustrate that the application of the exception regarding ordinanc violations is totally dependant on which state the violation occurred in. With respect to the "strangulation" conviction,  Keean's was 18 years old at the time and his sentence was a mere 4 days in jail. As such, the criminal history category the court considers when imposing a sentence for Keean is inflated.

With respect to the offenses themselves, Keean's involvement in drug activity as discussed previously is limited and unsophisticated.  While he did illegally possess firearms, there is no evidence indicating that Keean ever brandished, discharged or otherwise actively used a firearm.

IV.     **The Need to Afford Adequate Deterrence to Criminal Conduct.**
        **§ 3553(a)(2)(B)**

Regarding specific deterrence, the threat of significant incarceration has accomplished that sentencing goal.  Keean has only been incarcerated for approximately three days (a four day sentence with good time calculated).  The knowledge that he will serve a prison sentence has provided a huge incentive for Keean to avoid any future criminal involvement and has sufficiently impacted him in such a way as to ensure that he will remain living crime free.  Being sent to prison, even if briefly, separates him from his family and significantly impacts  his livelihood. Keean has accepted responsibility for his actions.  Given Keean's young age and absence of a significant criminal record, especially one that occurred seven years ago, general deterrence is not as significant in this case as with many other federal defendants   Under these circumstances the public will not view the proposed  sentence as a lessening of the severity of  punishments.

V.      **The Need to Protect the Public From Further Crimes of the**
        **Defendant.  § 3553(a)(2)(C).**

Obviously, Keean made very poor choices to be involved in this criminal activity. He is living with  the tremendous impact that his choice has had. He will have to reestablish himself, his family and his business when released from custody.  He will have to reconcile himself as a father, family man, and businessman with his crimes.  He will have to explain his actions to his young children and reestablish himself as a responsible parent, person and businessman.  These crimes do not define him.  The

5

recommended sentence provides the public with protection but also allows Keean to move forward with becoming a productive member of society.

**VI.      The Need to Provide Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.  (§ 3553(a)(2)(D)).**

Keean has used numerous types of drugs throughout his twenty five years. He has had limited ability to obtain any significant drug treatment. He is receptive to engaging in it.  As this court  is well aware, the cost of treatment while incarcerated versus while in the community is significant.  Our recommended sentencing will provide substantial time to abstain from use then will provide a significant period of time for community treatment and monitoring under supervised release.

**VII.    Need To Avoid Unwarranted Sentence Disparities § 3553(a)(3)**

Our recommended sentence would avoid unwarranted sentence disparities. Keean's sentence should reflect his unsophisticated and limited involvement in drug activity compared to the other 15 defendants in this Indictment and is necessary to maintain parity and fairness under the law.

**VIII. Conclusion.**

For the above-stated reasons, Keean respectfully requests that the Court sentence him to a three year sententence followed by four years of supervised release on the drug offense and a concurrent two year sentence followed by three years of supervised release.

6

This is a sufficient sanction to hold Keean accountable for his actions and to provide adequate deterrence while at the same time giving Keean the ability to continue to work and remain productive to the community after he serves his time.  This is not meant to diminish in any way the seriousness of the offense.  Keean acknowledges that his actions were criminal and caused damage to the community.  However, he is young and has the determination and drive to make changes to his life. Under the circumstances of this case and this defendant, a sentence of lengthy imprisonment would have unduly harsh consequences.  For the reasons previously stated, anything other than our recommended sentence is simply not necessary to further the purposes of sentencing.

Dated this June 11, 26.

Respectfully Submitted,
KNOLL & LAITSCH, S.C.
Attorneys for Defendant

*Electronically Signed*

_____
By: Toni H. Laitsch
SBN: 1001526

121 S. Pinckney Street - Suite 550
Madison, WI  53703
(608) 255-2560

7